IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**RICHARD MOONBLATT**
10609 Meadow Hill Road
Silver Spring, MD 20901

    Plaintiff

v.

**DISTRICT OF COLUMBIA**
Serve: Honorable Major Adrian Fenty
441 4th Street, N.W.
Washington, D.C. 20001

And

**LINDA SINGER**
Serve: Acting Attorney General
441 4th Street, N.W.
Washington, D.C. 20001

And

**CORRECTIONS CORPORATION OF AMERICA**
Serve: C.T. Corporation System
1015 15th Street, N.W.
Washington, D.C. 20005

And

**STEVE SMITH**
1909 D Street, N.W.
Washington, D.C. 2001

And

**FRED FIGERA**
1901 E. Street, N.W.
Washington, D.C. 20019

And

**JOHN COALFIELD**
1901 E. Street, N.W.
Washington, D.C. 20019

And

**JOHN DOE #1**

And

**JOHN DOE #2**

And

**JOHN DOE #3**

And

**JOHN DOE #4**

And

**JOHN DOE #5**

And

**JOHN DOE #6**

And

**JOHN DOE #7**

And

**JOHN DOE #8**

      Defendants

# COMPLAINT

## COUNT ONE

### Violation of Civil Rights pursuant to Title 42

### Section 1983 of the United States Code

Comes now the plaintiff Richard Moonblatt through counsel and brings this action and states as follows:

1. The plaintiff is an adult male citizen of the United States of America and a resident of Montgomery County, Maryland.

2. The defendant District of Columbia is a municipal corporation.

3. Corrections Corporation of America is a corporation licensed in a state other then the District of Columbia and Maryland and is licensed to do business in the District of Columbia.

4. Steve Smith is an adult citizen of the United States of America and a Warden in the District of Columbia Jail.  At all times hereinafter mentioned he was acting in his capacity as an employee of the District of Columbia and superior to officers in the District of Columbia Jail.  At all times hereinafter mentioned he had a duty to supervise employees at the District of Columbia Jail that is operated by the District of Columbia and protect the defendant.

5. Fred Figera is an adult citizen of the United States of America and Warden of Correctional Treatment Facility and employed by the Corrections Corporation of America.  At all times hereinafter mentioned he was acting in his capacity as an employee of the Correctional Treatment Facility that is owned by Corrections Corporation of America  At all times hereinafter mentioned he had a duty to supervise employees in the Correctional Treatment Facility and protect the defendant.

6. John Caulfield is an adult citizen of the United States of America and Warden of Correctional Treatment Facility and employed by the Corrections Corporation of America.  At all times hereinafter mentioned he was acting in his capacity as an employee of the Correctional Treatment Facility that is owned by Corrections Corporation of America  At all times hereinafter mentioned he had a duty to supervise employees in the Correctional Treatment Facility and protect the defendant.

7. John Doe 1 through 8 are employee's of the defendants District of Columbia and Corrections Corporation of America and were working in their official capacity.

8. The plaintiff is a Caucasian, Jewish, homosexual male.

9. The defendant's jointly and severally through their agents and employees failed to give the plaintiff equal rights under the law based upon his race, religion and sexual orientation. He was denied his civil rights.

10. The defendants individually and through their agents and employees deprived the plaintiff of his Civil Rights under color of statue, ordinance, regulation custom and usage and deprived him or his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

11. The plaintiff was incarcerated and in the custody of the defendants at their facilities from on or about January 6, 2004, until October 29, 2004. He was again incarcerated between on or about November 22, 2004 until February 28, 2005, and again was incarcerated between on or about February 16, 2006 and December 30, 2006. During the aforementioned time the plaintiff was under the custody of the defendants and their agent and employees. During the aforementioned period of time the plaintiff was denied equal rights under the law. The deprivation of rights includes but not limited to the following:

12. In January 2004, the plaintiff was consistently refused medical treatment and ignored by the medical staff.

13. In January and early February of 2004, he was denied mandatory recreation time and sick call.

14. On February 12, 2004 Sergeant Mc Intyer assaulted the plaintiff and the plaintiff suffered injuries as a result to the assault.

15. In January and February of 2004, the plaintiff was denied adequate clothing.

16. In February of 2004, the defendants failed to move the plaintiff from his cell block after he had suffered sexual harassment.

17. On or about March 4, 2004, the plaintiff was assaulted by Corporal Gordon.

18. On or before March 5, 2004, Mr. Moonblatt was denied running water in his cell.

19. On or about March 5, 2004, the plaintiff was assaulted by Corporal Gordon.

20. On or about March 21, 2004, Corporal Knight assaulted the plaintiff and referred to him as a filthy Jew.

21. On or about March 22, 2004, the plaintiff was transferred to a cell unit for serious offenders although he was awaiting trial for a non-violent crime. Lieutenant Holmes stated that I don't want any fags in my unit on my watch.

22. On or about March 22, 2004, the plaintiff was stabbed by inmate Marvin Mosley. There was improper supervision prior to and at the time of the stabbing. He was refused proper medical treatment.

23. On or about March 22, 2004, Officer Murray punched the plaintiff in the face spit on him and called him a fagot and a filthy Jew.

24. On or before March 23, 2004, the plaintiff was slammed with a cell door to his head by Corporal Knight. Corporal Knight made a religious slur at the plaintiff.

25. Prior to April 2, 2004, he was denied medical treatment for a brain tumor.

26. On or before April 13, 2004, Mr. Moonblatt's personal belongings were thrown away by security forces. In relation to this incident a religious slur was directed to the plaintiff.

27. On or before April 15, 2004, Officer P. Murray assaulted the plaintiff by punching him in the face and spitting on him.

28. Prior to April 19, 2004, the plaintiff was denied kosher or vegetarian meals.

29. Prior to April 19, 2004, he was denied medical treatment for a brain tumor. He then received treatment which was improper.

30. On or before May 3, 2004, the plaintiff was assaulted by Kevin Jackson and was spit upon by Kevin Jackson in front of correctional officers. The correctional officers failed to take any action.

31. On or before May 3, 2004, Corporal Thomas harassed the plaintiff with racist and homophobic remarks and prevented him from eating food supplied by the institution.

32. On or about May 16, 2004, the plaintiff was denied medical treatment for chest pain.

33. On or before May 26, 2004, officer's Jordon William and Davis harassed the plaintiff with racist and homophobic remarks physical abuse and threats.

34. Between June 3, 2004, and June 8, 2004 correctional Officer Little made sexually explicit remarks and threatened the plaintiff.

35. In June 2004 Officer Robert assaulted and sodomized the plaintiff. He also made homophobic remarks to the plaintiff and threatened him.

36. On or before August 1, 2004 inmate William Brown spread feces throughout the plaintiffs cell. Institutional guards did nothing about the incident.

37. On or before August 1, 2004, correctional Officer Little sexually threatened the plaintiff.

38. On or about August 22, 2004, an inmate spat in the plaintiffs face in front of several correctional officers who did not take any actions concerning the matter.

39. On or about August 23 and August 25, 2004, inmate Williams assaulted and threatened the plaintiff.

40. On or before August 23, 2004, personal items of the plaintiff were taken.

41. On or about August 30, 2004, correctional officer Wisler allowed unsafe condition to exists. Inmate Williams attacked and harmed the plaintiff.

42. On or about September 2, 2004, inmate Williams assaulted the plaintiff.

43. On or about September 3, 2004, the plaintiff was hand cuffed and let out of his cell by correction Wisler while in the presence of Officer Wisler Andre Williams assaulted and battered the plaintiff.

44. Prior to September 3, 2004, the plaintiff was placed in a cell without the use of a toilet or running water.

45. Prior to September 3, 2004, on a number of occasion's items were thrown into his cell.

46. On or about September 13, 2004, the plaintiff was assaulted by Sergeant Marion.

47. On or about September 15, 2004, the correctional Officer Cooper assaulted the plaintiff and referred to him as Jew boy, fag, and whitey.

48. On or about September 16, 2004, the plaintiff was assaulted by Lieutenant Holmes.

49. On or about September 16, 2004, Mr. Moonblatt was beaten by Sergeant Marion.

50. On or about September 30, 2004, the plaintiff was assaulted by Sergeant Marion.

51. On or before September 30, 2004 the plaintiff was assaulted by Officer's Cob, Jordan and Jackson.

52. On or about November 28, 2004, the plaintiff was assaulted by his cell mate in the presence of correctional officers who did not stop the attack.

53. On or about December 17, 2004, the plaintiff suffered injuries as result of an assault by inmate Ralf Johnson.

54. In 2006 while incarcerated the plaintiff was subjected to improper comments by correctional officers that referred to his race, religious and sexual persuasion.

55. On or about June 25, 2006 the correctional Officer Drummond permitted the handcuffed plaintiff to be left in the presence of other inmates where he was assaulted.

56. In June of 2006, the plaintiff was denied proper medical treatment.

57. On or about July 6, 2006 the plaintiff was assaulted by an officer while in custody.

58. On or about July 13, 2006 a correctional officer referred to the plaintiff as a fagot.

59. On or about July 29, 2006, the plaintiff was assaulted by a correctional officer.

60. On or about August 7, 2006 correctional officer assaulted the plaintiff by slamming his head into a concrete wall.  Plaintiff suffered injuries.

61. In 2006, the plaintiff was denied medication on a number of occasions.

62. On September 29, 2006, the plaintiff was denied medical treatment.

63. On or about October 16, 2006, the plaintiff was subjected to a full cavity search in the presence of a number of female guards.

64. On or around October 17, 2006, the plaintiff was placed in a cell with Robert Crosby a registered sexual offender.  The plaintiff request that he be moved. He was not moved. He was subjected to physical assault and threats by Mr. Crosby.

65. On or about November 4th 2006, Officer Drummond verbally threatened plaintiff and made homophobic and religious slurs to the plaintiff.

66. On or about November 22, 2006, correctional officers assaulted the plaintiff.

67. The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been white.

68. The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been Jewish.

69. The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been a homosexual.

70. The actions of the defendant were malicious, wanton willful, deliberate and conducted with willful disregard of the plaintiffs rights.

71. On numerous occasions in compliance with the District of Columbia Code the plaintiff gave written notice that he sought damages pursuant to Title 12 Section 309 of the District of Columbia Code.

72. At any time concerning any of the actions heretofore mentioned in the complaint, if appropriate notice was not given by plaintiff notice is excused based upon written reports received by the District of Columbia or disability suffered by the plaintiff.

73. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

## COUNT TWO

### Violation of Title 42 Section 1981 of the United States Code

### Violation of Equal Rights under the Law

74. The plaintiff incorporates by reference paragraph one through 73.

75. The defendants individually and through their agents and employees deprived the plaintiff of his Civil Rights under color of statue, ordinance, regulation custom and usage and deprived him or his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

76. The defendant's jointly and severally through their agents and employees failed to give the plaintiff equal rights under the law based upon his race, religion and sexual orientation. He was denied his civil rights.

77. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

## COUNT THREE

### Negligence

79. The plaintiff incorporates by reference counts one through 78.

80. The amount in controversy exceeds $150,000.00.

81. The plaintiff jointly and severally through their agents and employees negligently failed to supervise and take care of the plaintiff while he was within custody of the defendants.

82. As a result of the negligence of the defendants by their agents and employees the plaintiff suffered damages including but not limited to physical, mental, psychological, and other damages. The defendants were negligent.

83. The defendants jointly and severally and through the actions of their agents and employees negligently failed to provide appropriate medical care to the plaintiff while he was within their custody. The defendants jointly and severally through their agents and employees failed to proper provide for the plaintiffs nutritional need.

84. The defendants jointly and severally through their agents and employees failed to properly provide appropriate clothing and shelter for the plaintiff.

85. The defendants jointly and severally through their agents and employees failed to provide treatment and medical care for the plaintiff.

86. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

## COUNT FOUR

Negligent failure to Supervise, Hire and Train and Properly Retain Correctional Offices

88. The plaintiff incorporates Counts one through 87 and states as follows:

89. From January 2004, through November 2006, the defendants jointly and severally failed to properly supervise, train, hire and monitor the action of correctional officers. The defendant's improperly retained certain correctional officers.

90. As a result of this failure the plaintiff has suffered injuries here before mentioned.

91. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

## COUNT FIVE

### Intentional infliction of emotional diversity

92. The plaintiff incorporates Counts one through 91.

93. The defendants jointly and severally through their agents and employees intentionally inflicted emotional distress upon the plaintiff. The actions of the defendants jointly and severally through their agents and employees were malicious, grossly, wanton, negligent, and occurred with total disregard of the rights of the plaintiff.

94. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

## COUNT SIX

### Violation of the District of Columbia Human Rights Act

95. The plaintiff incorporates by reference Counts One through 94.

96. On a number of occasions previously mentioned the defendants jointly and severally through their agents and employees violated the District of Columbia Human Rights Act by their actions or inaction.

97. As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars punitive damages of Five Million Dollars plus interest, costs and attorneys fees.

                Respectfully submitted,

                _____
                Warren E. Gorman #172213
                5530 Wisconsin Avenue, Suite 1209
                Chevy Chase, MD 20815
                (301)654-5757

The Plaintiff seeks a jury trial on all issues.

                _____
                Warren E. Gorman

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

L
07-1922
JDB

## I (a) PLAINTIFFS

Richard Mooreplatt    88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

District of Columbia et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Werner Gorman
5530 Wisconsin Avenue #209
Chevy Chase MD 20815   301/6545757

Case: 1:07-cv-01922
Assigned To : Bates, John D.
Assign. Date : 10/25/2007
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(6)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☒ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 Section 1983 Violation of Civil Rights

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☐ NO    If yes, please complete related case form.

**DATE** 10.25.07    **SIGNATURE OF ATTORNEY OF RECORD** /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.