# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Moonblatt,<br><br>            Plaintiff,<br><br>       v.<br><br>District of Columbia; Linda Singer; Corrections Corporation of America; Steve Smith; Fred Figera; John Coalfield; John Doe 1; John Doe 2; John Doe 3; John Doe 4; John Doe 5; John Doe 6; John Doe 7; John Doe 8,<br><br>            Defendants. | Civil Action No. 1:07-cv-01922-JDB |

### ANSWER OF DEFENDANT CORRECTIONS CORPORATION OF AMERICA

This answering Defendant, Corrections Corporation of America ("CCA"), through counsel, and for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

This answering Defendant denies each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise pled to.

### COUNT I

### Violation of Civil Rights pursuant to Title 42
### Section 1983 of the United States Code

1.   In answering paragraph 1 of Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

2.   The allegations contained in paragraph 2 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering

Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. In answering paragraph 3 of Plaintiff's Complaint, this answering Defendant admits only that it operates the Correctional Treatment Facility (CTF) located in the District of Columbia pursuant to a correctional services contract entered into as between CCA and the District of Columbia for the housing of District of Columbia Department of Corrections inmates. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. Moreover, Defendant asserts that "John Doe's" are improper in Federal Court and

must be dismissed. Finally, to the extent a response is required, this answering Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. In answering paragraph 8 of Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

9. This answering Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. This answering Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. This answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 regarding Plaintiff's incarceration at the Correctional Treatment Facility, and therefore, deny same. This answering Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 12 of Plaintiff's Complaint.

13. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 13 of Plaintiff's Complaint.

14. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 14 of Plaintiff's Complaint.

15. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 15 of Plaintiff's Complaint.

16. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 16 of Plaintiff's Complaint.

17. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 17 of Plaintiff's Complaint.

18. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 18 of Plaintiff's Complaint.

19. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 19 of Plaintiff's Complaint.

20. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 20 of Plaintiff's Complaint.

21. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 21 of Plaintiff's Complaint.

22. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 22 of Plaintiff's Complaint.

23. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 23 of Plaintiff's Complaint.

24. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 24 of Plaintiff's Complaint.

25. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 25 of Plaintiff's Complaint.

26. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 26 of Plaintiff's Complaint.

27. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 27 of Plaintiff's Complaint.

28. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 28 of Plaintiff's Complaint.

29. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 29 of Plaintiff's Complaint.

30. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 30 of Plaintiff's Complaint.

31. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 31 of Plaintiff's Complaint.

32. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 32 of Plaintiff's Complaint.

33. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 33 of Plaintiff's Complaint.

34. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 34 of Plaintiff's Complaint.

35. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 35 of Plaintiff's Complaint.

36. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 36 of Plaintiff's Complaint.

37. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 37 of Plaintiff's Complaint.

38. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 38 of Plaintiff's Complaint.

39. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 39 of Plaintiff's Complaint.

40. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 40 of Plaintiff's Complaint.

41. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 41 of Plaintiff's Complaint.

42. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 42 of Plaintiff's Complaint.

43. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 43 of Plaintiff's Complaint.

44. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 44 of Plaintiff's Complaint.

45. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 45 of Plaintiff's Complaint.

46. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 46 of Plaintiff's Complaint.

47. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 47 of Plaintiff's Complaint.

48. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 48 of Plaintiff's Complaint.

49. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 49 of Plaintiff's Complaint.

50.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 50 of Plaintiff's Complaint.

51.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 51 of Plaintiff's Complaint.

52.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 52 of Plaintiff's Complaint.

53.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 53 of Plaintiff's Complaint.

54.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 54 of Plaintiff's Complaint.

55.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 55 of Plaintiff's Complaint.

56.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 56 of Plaintiff's Complaint.

57.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 57 of Plaintiff's Complaint.

58.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 58 of Plaintiff's Complaint.

59.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 59 of Plaintiff's Complaint.

60.    This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 60 of Plaintiff's Complaint.

61. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 61 of Plaintiff's Complaint.

62. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 62 of Plaintiff's Complaint.

63. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 63 of Plaintiff's Complaint.

64. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 64 of Plaintiff's Complaint.

65. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 65 of Plaintiff's Complaint.

66. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 66 of Plaintiff's Complaint.

67. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 67 of Plaintiff's Complaint.

68. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 68 of Plaintiff's Complaint.

69. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 69 of Plaintiff's Complaint.

70. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 70 of Plaintiff's Complaint.

71. The allegations contained in paragraph 71 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering

Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. The allegations contained in paragraph 72 of Plaintiff's Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 73 of Plaintiff's Complaint.

## COUNT TWO

### Violation of Title 42 Section 1981 of the United States Code
### Violation of Equal Rights Under the Law

74. In answering Paragraph 74 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 73 as if fully set forth herein.

75. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 75 of Plaintiff's Complaint.

76. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 76 of Plaintiff's Complaint.

77. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 77 of Plaintiff's Complaint.

## COUNT THREE

### Negligence

78. In answering Paragraph 78 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 77 as if fully set forth herein.

79. This answering Defendant denies the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 80 of Plaintiff's Complaint.

81. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 81 of Plaintiff's Complaint.

82. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 82 of Plaintiff's Complaint.

83. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 83 of Plaintiff's Complaint.

84. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 84 of Plaintiff's Complaint.

85. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 85 of Plaintiff's Complaint.

86. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 86 of Plaintiff's Complaint.

## COUNT FOUR

### Negligent Failure to Supervise, Hire and (sic) Train and Properly Retain Correctional Offices (Sic)

87. Plaintiff failed to identify any allegations in paragraph 87. This answering Defendant therefore denies any allegations anticipated in paragraph 87.

88. In answering Paragraph 88 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 86 as if fully set forth herein.

89. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 89 of Plaintiff's Complaint.

90. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 90 of Plaintiff's Complaint.

91. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 91 of Plaintiff's Complaint.

## COUNT FIVE

### Intentional Infliction of Emotional Diversity (sic)

92. In answering Paragraph 92 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 91 as if fully set forth herein.

93. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 93 of Plaintiff's Complaint.

94. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 94 of Plaintiff's Complaint.

## COUNT SIX

### Violation of the District of Columbia Human Rights Act

95. In answering Paragraph 95 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 94 as if fully set forth herein.

96. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 96 of Plaintiff's Complaint.

97. This answering Defendant denies any allegations against Corrections Corporation of America contained in paragraph 97 of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, this answering Defendant requests that it be dismissed and that it be awarded its reasonable attorneys' fees and costs incurred herein.

**AFFIRMATIVE DEFENSES**

98. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to state a claim upon which relief can be granted.

99. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's Complaint fails to comply with FED. R. CIV. P. 8(a) and must be dismissed.

100. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff did not suffer any injuries or damages for which he may recover.

101. As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

102. As a separate defense, or in the alternative, this answering Defendant alleges that its conduct was not negligent and did not violate the applicable standard of care.

103. As a separate defense, or in the alternative, this answering Defendant alleges that it did not owe Plaintiff a duty of care under common law, statute or regulations.

104. As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

105. As a separate defense, or in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

106. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of his own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

107. As a separate defense, or in the alternative, this answering Defendant alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

108. As a separate defense, or in the alternative, this answering Defendant alleges that the actions of the Defendant or its employees were objectively reasonable under the circumstances and that it was acting in good faith and without malice.

109. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by this answering Defendant.

110. As a separate defense, or in the alternative, Defendants assert that John Doe Defendants are improper in Federal Court and must be dismissed.

111. As a separate defense, or in the alternative, this answering Defendant alleges that it did not breach any duty to Plaintiff.

112. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

113. As a separate defense, or in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages or a claim for intentional infliction of emotional distress.

114. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to exhaust administrative remedies in accordance with the Prison

Litigation Reform Act prior to filing suit, thereby precluding all claims asserted under 42 U.S.C. § 1983. *See*, 42 U.S.C. § 1997e(a).

115.    As a separate defense, or in the alternative, this answering Defendant alleges that they were acting under legal process with good, sufficient and probable cause to be so acting, and that the actions of this answering Defendant and its employees were in good faith and without malice.

116.    As a separate defense, or in the alternative, this answering Defendant alleges that CCA employees enjoy qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and were acting in good faith and without malice, all of which would prevent Plaintiff from recovering from this answering Defendant.

117.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief.

118.    As a separate defense, or in the alternative, this answering Defendant alleges that CCA employees were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on a claim of deliberate indifference.

119.    As a separate defense, or in the alternative, this answering Defendant alleges that it was not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiff, thereby warranting dismissal of this lawsuit.

120.    As a separate defense, or in the alternative, this answering Defendant alleges that a policy, custom or practice promulgated by this answering Defendant was not the

moving force behind Plaintiff's alleged constitutional violation, thereby warranting dismissal of Plaintiff's constitutional violation claims.

121. Although this answering Defendant does not presently have facts in support of the following defenses, this answering Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in FED.R.CIV. Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

## JURY DEMAND

Defendant demands a trial by jury on all issues herein.

Dated: November 21, 2007

By  /s/ Jennifer L. Holsman
Daniel P. Struck, DC Bar No. CO0037
Jennifer L. Holsman, DC Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Ph.: (602) 263-7323
Fax: (602) 200-7811

Paul J. Maloney, DC Bar No. 362533
Mariana D. Bravo, Dc Bar No. 473809
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036
Ph: (310) 310-5500
Fax: (310) 310-5555
Attorneys for Defendant, *Corrections Corporation of America*

Foregoing filed *electronically*
this 21st day of November, 2007.

  /s/ Carol S. Madden

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2007, a copy of the foregoing Answer of Defendant Corrections Corporation of America was served by First Class U.S. Mail on the following parties:

Warren E. Gorman, Esq.
LAW OFFICE OF WARREN E. GORMAN
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, Maryland  20815
Attorney for Plaintiff *Moonblatt*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036

                                            /s/ Jennifer L. Holsman
                                               Jennifer L. Holsman

1849357.1