IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Richard N. Moonblatt** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.:   1:07-cv-01922 |
| | : | Judge J.D. Bates |
| | : | |
| **District of Columbia,** *et. al* | : | |
| | : | |
| Defendant | : | |
| | : | |

### PLAINTIFF MOONBLATT'S OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Comes now the plaintiff, Richard Moonblatt, through counsel, and in opposition to the District of Columbia's Motion to Dismiss, the same having been adopted by defendant Corrections Corporation of America ("CCA"), and in the alternative for Summary Judgment, states as follows:

(1) Plaintiff has filed a 13 page complaint setting forth numerous, specific incidents of physical beatings, rape and forms of abuse by employees of the Department of Corrections of the District of Columbia and CCA. The incidents are for the most part dated in the complaint and contain, where known, the last name of the perpetrator. It is difficult for an inmate to compile more information as to the full name and employment statues of the various perpetrators, and plaintiff submits that more specific information can be obtained in the discovery process.

The allegations, if proven, demonstrate recurrent tortuous conduct by employees at the District of Columbia Correctional Treatment Facility, acting in the scope of their employment, guarding prisoners such as plaintiff at the facility, or supervising the guards. Such tortuous activity gives rise to a valid cause of action in the District of Columbia, including an action under

Title 42 United States Code, Section 1981 and 1983. <u>Warren v. District of Columbia</u>, 353 F. 3d 36 (2004).

(2) Defendants however complain in their Motion to Dismiss, that certain phraseology is missing from the complaint:

(A) That plaintiff fails to use the phraseology in the complaint that the acts were due to maintenance of a longstanding practice or custom which was the standard operating procedure of the local government entity. (1983 Claims/Count one).

(B) That actions alleged in the complaint were those of policymaking officials. (1983 Claims/Count one)

(C) That a custom or policy of the District of Columbia was the "moving force" creating the harm done. (1981 Claim/Count two)

(D) That individuals alleged in the complaint are not employees of the District of Columbia. (Counts three through five)

Plaintiff suggests that to the extent such wording is required to proceed with the action he is prepared to amend the complaint in order to comply.

(3) A complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. <u>Kingman Park Civil Assn. v. Williams</u>. 348 F.3D 1003,1040 (D.C.Cir.2003), citing Fed. Rule Civ. P.8 (a) (2); <u>Hunter v. Corrections Corp. of America</u>, 441F.Supp.78 (D.D.C.2006)

It is not necessary for the plaintiff to plead all elements of his <u>prima</u> face case in the complaint, or "plead law or match facts to every element of a legal theory." <u>Krieger v. Fadely</u>, 211 F.3D 134,136 (D.C.Cir.2000); <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506,511-514 (2002).

A trial court should not dismiss s complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief. Warren v. District of Columbia 353 F.3D 36 (D.C.Cir 2004)

(4) While the District Court has discretion to grant or deny leave to amend, absent a sufficient reason to deny a request, leave should be freely given Forman v. Davis, 371 U.S. 178 (1962); Stanford v. Pepco, 394 F. Supp.2D 81 (2005), Bratton v. Chatel Real Estate Inc., slip copy, 2007 WL 1087468 (D.C.C.) (2007). To the extent the points raised in defendant District of Columbia's Motion are valid, plaintiff pleads that in lieu of dismissal of the action, plaintiff be given the opportunity to amend his complaint to comply with pleading requirements.

(5) Plaintiff has a valid good faith basis for asserting that the actions taken against plaintiff while he was incarcerated were pursuant to municipal policy or custom. Plaintiff's initial disclosures set forth hundreds of pages of documentation of his complaints and grievances which were almost totally ignored by both the District of Columbia and Correction Corporation of America for a period of over 2 years.

Causation for an inmate's injuries exist if the District or CCA knowingly ignores a practice that was consistent enough to constitute a custom. City of St. Louis v. Prapiotnik, 485 US 112,123-30 (1988); Warren v. District of Columbia, 353 F.3D. 36 ,359 U.S.App.DC.179 (2004); Causation for an inmate's injuries also exist if the District or CCA has not responded "to a need in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." Warren v. District of Columbia, supra. In the latter case, the D.C. Circuit held as follows:

> "Here Warren has alleged that the District knew or should have known about the ongoing constitutional violations, but did nothing. If Warren can prove the violations, and prove as well that the District had actual or constructive knowledge of them, he will have established the District's liability. On a motion to dismiss under FED.RCIV.P. 12(b)(6), the court must assume that Warren has stated a cause of action and that this complaint should not have been dismissed.

(6) For the reasons cited, plaintiff pleads that the Motion to Dismiss or for Summary Judgment be denied, and if appropriate, the plaintiff be given leave to file an amended complaint.

Respectfully submitted,

\_\_/s/\_Warren E. Gorman_____
Warren E. Gorman #172213
Attorney for Plaintiff
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301)654-5757

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Opposition to Motion to Dismiss or in the Alternative for Summary Judgment was mailed this  21st  day of December, 2007 to:

(1) Daniel P. Struck, Esquire, Jones, Skelton, and Hochulli, P.L.C., 2901 Central Avenue Suite 800, Phoenix, Arizona 85012

(2) Paul J. Maloney, Equire, 1615 L Street N.W. Suite 500, Washington D.C. 20036

(3) Darrell Chambers, Esquire, Assistant Attorney General, 441-4the Street N.W., 6th Floor South, Washington, D.C. 20001

                                                                                                                   /s/ Warren E. Gorman

                                                                                                                   WARREN E. GORMAN