### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**RICHARD MOONBLATT**
10609 Meadow Hill Road
Silver Spring, MD 20901

      Plaintiff

v.

**DISTRICT OF COLUMBIA**

And                                                 Case 1:07-cv-01922
                                                    Judge John D. Bates

**CORRECTIONS CORPORATION OF AMERICA**

And

**STEVE SMITH**
1909 D Street, N.W.
Washington, D.C. 20001

And

**FRED FIGUEROA**
1901 E. Street, N.W.
Washington, D.C. 20019

And

**JOHN COALFIELD**
1901 E. Street, N.W.
Washington, D.C. 20019

And
**JOHN DOE #1**

And

**JOHN DOE #2**

And

**JOHN DOE #3**

And

**JOHN DOE #4**

And

**JOHN DOE #5**

And

**JOHN DOE #6**

And

**JOHN DOE #7**

And

**JOHN DOE #8**

     Defendants

## AMENDED COMPLAINT

### COUNT ONE

#### Violation of Civil Rights pursuant to Title 42

#### Section 1983 of the United States Code

Comes now the plaintiff Richard Moonblatt through counsel and for his Amended Complaint, states as follows:

1.     The plaintiff is an adult male citizen of the United States of America and a resident of Montgomery County, Maryland.

2.     The defendant District of Columbia is a municipal corporation.

3.     Corrections Corporation of America is a corporation licensed in a state other then the District of Columbia and Maryland and is licensed to do business in the District of Columbia.

4.     Steve Smith is an adult citizen of the United States of America and a Warden in the District of Columbia Jail.  At all times hereinafter mentioned he was acting in his capacity as an employee of the District of Columbia and superior to officers in the District of Columbia Jail.

2

At all times hereinafter mentioned he had a duty to supervise employees at the District of Columbia Jail that is operated by the District of Columbia and protect the defendant.

5.      Fred Figera is an adult citizen of the United States of America and Warden of Correctional Treatment Facility and employed by the Corrections Corporation of America. At all times hereinafter mentioned he was acting in his capacity as an employee of the Correctional Treatment Facility that is owned by Corrections Corporation of America At all times hereinafter mentioned he had a duty to supervise employees in the Correctional Treatment Facility and protect the defendant.

6.      John Caulfield is an adult citizen of the United States of America and Warden of Correctional Treatment Facility and employed by the Corrections Corporation of America. At all times hereinafter mentioned he was acting in his capacity as an employee of the Correctional Treatment Facility that is owned by Corrections Corporation of America At all times hereinafter mentioned he had a duty to supervise employees in the Correctional Treatment Facility and protect the defendant.

7.      John Doe 1 through 8 are employee's of the defendants District of Columbia and Corrections Corporation of America and were working in their official capacity.

8.      The plaintiff is a Caucasian, Jewish, homosexual male.

9.      The defendant's jointly and severally through their agents and employees failed to give the plaintiff equal rights under the law based upon his race, religion and sexual orientation. He was denied his civil rights.

10.      The defendants individually and through their agents and employees deprived the plaintiff of his Civil Rights under color of statue, ordinance, regulation custom and usage and deprived him or his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

3

11.     The plaintiff was incarcerated and in the custody of the defendants at their facilities from on or about January 6, 2004, until October 29, 2004. He was again incarcerated between on or about November 22, 2004 until February 28, 2005, and again was incarcerated between on or about February 16, 2006 and December 30, 2006. During the aforementioned time the plaintiff was under the custody of the defendants and their agent and employees. During the aforementioned period of time the plaintiff was denied equal rights under the law. The deprivation of rights includes but not limited to the following:

12.     In January 2004, the plaintiff was consistently refused medical treatment and ignored by the medical staff.

13.     In January and early February of 2004, he was denied mandatory recreation time and sick call.

14.     On February 12, 2004 Sergeant Mc Intyer assaulted the plaintiff and the plaintiff suffered injuries as a result to the assault.

15.     In January and February of 2004, the plaintiff was denied adequate clothing.

16.     In February of 2004, the defendants failed to move the plaintiff from his cell block after he had suffered sexual harassment.

17.     On or about March 4, 2004, the plaintiff was assaulted by Corporal Gordon.

18.     On or before March 5, 2004, Mr. Moonblatt was denied running water in his cell.

19.     On or about March 5, 2004, the plaintiff was assaulted by Corporal Gordon.

20.     On or about March 21, 2004, Corporal Knight assaulted the plaintiff and referred to him as a filthy Jew.

21.     On or about March 22, 2004, the plaintiff was transferred to a cell unit for serious offenders although he was awaiting trial for a non-violent crime. Lieutenant Holmes stated that I don't want any fags in my unit on my watch.

4

22.    On or about March 22, 2004, the plaintiff was stabbed by inmate Marvin Mosley. There was improper supervision prior to and at the time of the stabbing. He was refused proper medical treatment.

23.    On or about March 22, 2004, Officer Murray punched the plaintiff in the face spit on him and called him a fagot and a filthy Jew.

24.    On or before March 23, 2004, the plaintiff was slammed with a cell door to his head by Corporal Knight. Corporal Knight made a religious slur at the plaintiff.

25.    Prior to April 2, 2004, he was denied medical treatment for a brain tumor.

26.    On or before April 13, 2004, Mr. Moonblatt's personal belongings were thrown away by security forces. In relation to this incident a religious slur was directed to the plaintiff.

27.    On or before April 15, 2004, Officer P. Murray assaulted the plaintiff by punching him in the face and spitting on him.

28.    Prior to April 19, 2004, the plaintiff was denied kosher or vegetarian meals.

29.    Prior to April 19, 2004, he was denied medical treatment for a brain tumor. He then received treatment which was improper.

30.    On or before May 3, 2004, the plaintiff was assaulted by Kevin Jackson and was spit upon by Kevin Jackson in front of correctional officers. The correctional officers failed to take any action.

31.    On or before May 3, 2004, Corporal Thomas harassed the plaintiff with racist and homophobic remarks and prevented him from eating food supplied by the institution.

32.    On or about May 16, 2004, the plaintiff was denied medical treatment for chest pain.

33.    On or before May 26, 2004, officer's Jordon William and Davis harassed the plaintiff with racist and homophobic remarks physical abuse and threats.

5

34.    Between June 3, 2004, and June 8, 2004 correctional Officer Little made sexually explicit remarks and threatened the plaintiff.

35.    In June 2004 Officer Robert assaulted and sodomized the plaintiff. He also made homophobic remarks to the plaintiff and threatened him.

36. On or before August 1, 2004 inmate William Brown spread feces throughout the plaintiffs cell. Institutional guards did nothing about the incident.

37.    On or before August 1, 2004, correctional Officer Little sexually threatened the plaintiff.

38.    On or about August 22, 2004, an inmate spat in the plaintiffs face in front of several correctional officers who did not take any actions concerning the matter.

39.    On or about August 23 and August 25, 2004, inmate Williams assaulted and threatened the plaintiff.

40.    On or before August 23, 2004, personal items of the plaintiff were taken.

41.    On or about August 30, 2004, correctional officer Wisler allowed unsafe condition to exists. Inmate Williams attacked and harmed the plaintiff.

42.    On or about September 2, 2004, inmate Williams assaulted the plaintiff.

43.    On or about September 3, 2004, the plaintiff was hand cuffed and let out of his cell by correction Wisler while in the presence of Officer Wisler Andre Williams assaulted and battered the plaintiff.

44.    Prior to September 3, 2004, the plaintiff was placed in a cell without the use of a toilet or running water.

45.    Prior to September 3, 2004, on a number of occasion's items were thrown into his cell.

46.    On or about September 13, 2004, the plaintiff was assaulted by Sergeant Marion.

47.    On or about September 15, 2004, the correctional Officer Cooper assaulted the plaintiff and referred to him as Jew boy, fag, and whitey.

48.    On or about September 16, 2004, the plaintiff was assaulted by Lieutenant Holmes.

49.    On or about September 16, 2004, Mr. Moonblatt was beaten by Sergeant Marion.

50.    On or about September 30, 2004, the plaintiff was assaulted by Sergeant Marion.

51.    On or before September 30, 2004 the plaintiff was assaulted by Officer's Cob, Jordan and Jackson.

52.    On or about November 28, 2004, the plaintiff was assaulted by his cell mate in the presence of correctional officers who did not stop the attack.

53.    On or about December 17, 2004, the plaintiff suffered injuries as result of an assault by inmate Ralf Johnson.

54.    In 2006 while incarcerated the plaintiff was subjected to improper comments by correctional officers that referred to his race, religious and sexual persuasion.

55.    On or about June 25, 2006 the correctional Officer Drummond permitted the handcuffed plaintiff to be left in the presence of other inmates where he was assaulted.

56.    In June of 2006, the plaintiff was denied proper medical treatment.

57.    On or about July 6, 2006 the plaintiff was assaulted by an officer while in custody.

58.    On or about July 13, 2006 a correctional officer referred to the plaintiff as a fagot.

59.    On or about July 29, 2006, the plaintiff was assaulted by a correctional officer.

60.    On or about August 7, 2006 correctional officer assaulted the plaintiff by slamming his head into a concrete wall.  Plaintiff suffered injuries.

61.    In 2006, the plaintiff was denied medication on a number of occasions.

62.    On September 29, 2006, the plaintiff was denied medical treatment.

63.    On or about October 16, 2006, the plaintiff was subjected to a full cavity search in the presence of a number of female guards.

64.    On or around October 17, 2006, the plaintiff was placed in a cell with Robert Crosby a registered sexual offender. The plaintiff request that he be moved. He was not moved. He was subjected to physical assault and threats by Mr. Crosby.

65.    On or about November 4th 2006, Officer Drummond verbally threatened plaintiff and made homophobic and religious slurs to the plaintiff.

66.    On or about November 22, 2006, correctional officers assaulted the plaintiff.

67.    The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been white.

68.    The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been Jewish.

69.    The defendant was treated differently from other inmates as previously noted in the complaint and would not have been that way had he not been a homosexual.

70.    The actions of the defendant were malicious, wanton willful, deliberate and conducted with willful disregard of the plaintiffs rights.

71.    On numerous occasions in compliance with the District of Columbia Code the plaintiff gave written notice that he sought damages pursuant to Title 12 Section 309 of the District of Columbia Code.

72.    At any time concerning any of the actions heretofore mentioned in the complaint, if appropriate notice was not given by plaintiff notice is excused based upon written reports received by the District of Columbia or disability suffered by the plaintiff.

8

73.    As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars compensatory damages and Five Million Dollars punitive damages, plus interest, costs and attorneys fees.

COUNT TWO

Violation of Title 42 Section 1981 of the United States Code

Violation of Equal Rights under the Law

74.    The plaintiff incorporates by reference paragraph one through 73.

75.    The defendants individually and through their agents and employees deprived the plaintiff of his Civil Rights under color of statue, ordinance, regulation custom and usage and deprived him or his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

76.    The defendant's jointly and severally through their agents and employees failed to give the plaintiff equal rights under the law based upon his race, religion and sexual orientation. He was denied his civil rights.

77.    As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature. The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars compensatory damages and  Five Million Dollars punitive damages, plus interest, costs and attorneys fees.

## COUNT THREE

### Negligence

79.     The plaintiff incorporates by reference counts one through 78.

80.     The amount in controversy exceeds $150,000.00, and there exists diversity of citizenship between plaintiff, a resident of Maryland, and defendants District of Columbia and CCA, which has a principal place of business in the District of Columbia.

81.     The defendants CCA and the District of Columbia, jointly and severally, through their respective agents and employees negligently failed to supervise their employees and agents and negligently failed to provide reasonably safe living conditions for plaintiff while he was in custody of the defendants CCA and the District of Columbia.

82.     As a result of the negligence of the defendants by their agents and employees the plaintiff suffered damages including but not limited to physical, mental, psychological injuries and other damages, and for all of the incidents set forth in this Count Three the District of Columbia and CCA are liable to plaintiff by virtue of the doctrine of respondeat superior.

83.     The defendant Corrections Corporation of America ("CCA") was negligent In failing to provide medical care to plaintiff and in failing to allow access to medical care for plaintiff during the period January 6, 2004 to January 24, 2004, despite plaintiff's need for such care, resulting in enhanced pain and suffering to plaintiff and exacerbation of plaintiff's respiratory condition, and other medical conditions.

84. The defendant CCA was negligent in failing to provide medical care and treatment and access to medical care and treatment for plaintiff between January 25, 2004 and February 11, 2004, despite plaintiff's need for such care, resulting in enhanced pain and suffering to plaintiff and exacerbation of plaintiff's respiratory and other medical conditions.

85. The defendant CCA was negligent in allowing one Sergeant McIntyre, an employee and agent of CCA, acting in the scope of his employment, on or about February 12, 2004, to kick plaintiff resulting in bruises and contusions, and after said assault delaying treatment of plaintiff's injuries, resulting in further pain and suffering.

86. During January and February 2004, the defendant CCA negligently denied plaintiff adequate heat, clothing, and bedding resulting in exacerbation of plaintiff's medical conditions and pain and suffering.

87. During January and February 2004, the defendant CCA negligently failed to take remedial action to remove plaintiff from a dangerous living situation after multiple assaults and molestations by fellow inmates which were observed by and reported to officers who were employees of CCA acing in the scope of their employment, resulting in enhanced bodily injuries, and pain and suffering by plaintiff.

88. The defendant CCA, on or about March 4, 2004, negligently permitted the unsupervised behavior of one Corporal Gordon, an agent and employee of CCA acting in the course and scope of his employment, in grasping plaintiff by the neck and dragging him down a flight of stairs, resulting in personal injuries to plaintiff, and pain and suffering. Corporal Gordon himself was negligent on said date and occasion in so treating plaintiff, and at the time of his negligence was acting in the scope of his employment with CCA.

89. The defendant CCA, on or about March 4, 2004, negligently permitted the unsupervised behavior of the said Corporal Gordon, an agent and employee of CCA acting in the course and scope of his employment, and Corporal Gordon himself was negligent, while acting in the scope of his employment with CCA, in forcing plaintiff's head to contact his cell wall, resulting in personal injuries to plaintiff and pain and suffering.

11

90. The defendant CCA, during the month of March 2004, negligently failed to provide access to running water to plaintiff in his cell, resulting in unsanitary conditions, illness to plaintiff, personal injury, and pain and suffering.

91. The defendant CCA, on or about March 15, 2004, was negligent in failing to supervise and negligently failing to stop, though its agents and employees on duty, the actions of said Corporal Gordon in assaulting plaintiff by attempted strangulation and physical beating, and Corporal Gordon himself, acting in the scope of his employment with CCA was negligent in so treating plaintiff, resulting in personal injuries to plaintiff, and pain and suffering.

92. The defendant CCA, on or about March 21, 2004, was negligent in failing to supervise, and through its agents and employees on duty, failing to stop one Corporal Knight, an employee and agent of CCA acting in the scope of his employment in assaulting plaintiff by twisting plaintiff's handcuffs in such a manner to cause extreme pain and suffering, and in further assaulting plaintiff and calling him a "filthy jew".

93. The defendant CCA, on or about March 22, 2004, through its employee and agent, one Lieutenant Holmes, acting in the scope of his employment, transferred plaintiff to a cell in Unit South One of the Central Detention. This transfer was negligently made in that South One was a serious offender unit, typically reserved for inmates awaiting trial on homicide charges, and said transfer resulted in physical injuries to plaintiff, and pain. Suffering and mental anguish.

94. On or about March 22, 2004, the plaintiff was stabbed and slashed on his left forearm by an inmate, one Marvin Mosely in Unit South One. Defendant CCA, through its agents and employees, were negligent on said date and occasion, in failing to reasonably provide for the safety of plaintiff, failing to prevent the assault, failing to prevent the assault while in progress, and in failing to provide medical care and treatment to plaintiff after the assault.

95. On or about March 22, 2004, and on or about April 15, 2004, defendant CCA negligently failed to supervise one Officer Murray, an agent and employee of CCA, acting in the scope of his employment, who struck plaintiff in the face, spit upon him and assaulted him calling him a "faggot" and "filthy jew". Agents and employees of CCA observed the assault and negligently failed to take any action to stop the assault from occurring.

96. During March and April 2004, defendant CCA, through is agents and employees negligently and consistently failed to provide reasonable and necessary medical care and treatment to plaintiff, despite the necessity for such treatment.

97. On or about April 13, 2004, defendant CCA, through its agent and employee, one Sergeant Reis, negligently disposed of plaintiff's personal belongings, including evidence intended to be used by plaintiff in court proceedings.

98. On or about April 19, 2004, and on other dates, defendant CCA, through its agents and employees, acting in the scope of their employment, negligently failed to provide medical care to defendant for a chronic brain tumor, despite the necessity for such treatment, resulting in severe, enhanced pain and suffering by plaintiff.

99. On or about May 3, 2004, the plaintiff was assaulted by an inmate, one Kevin Jackson, in the presence of CCA correctional officers. The said officers, acting in the scope of their employment, negligently failed to prevent the assault or stop the assault once it began. As a result of this failure, plaintiff sustained serious personal injuries, pain, suffering, and mental anguish.

100. On or about May 16, 2004, plaintiff experienced severe chest pain which he reported to CCA correctional officers. CCA correctional officers, acting in the scope of their employment, negligently failed to allow plaintiff medical care and treatment, despite the necessity therefore, resulting in enhanced pain and suffering to plaintiff.

13

101. In the early part of June, 2004, on diverse occasions, one Officer Little, an agent and employee of CCA, acting in the scope of his employment, repeatedly harassed plaintiffs, made sexually explicit remarks to plaintiff, and threatened plaintiff with sexual assault. Defendant CCA negligently failed to supervise Officer Little, and agents and employees of CCA negligently failed to stop Officer Little from making his continuing remarks, assaults and threats to plaintiff.

102. In the early part of June, 2004, the plaintiff was sexually assaulted by Officer Robert White, an employee and agent of CCA, while in the scope of his employment. As a result of said assault, plaintiff sustained personal injuries and experienced pain, suffering, and mental anguish. Defendant CCA negligently failed to supervise Officer White, and agents and employees of CCA negligently failed to stop Officer White from sexually assaulting plaintiff.

103. Throughout the period June-September 2004, CCA through its agents and employees, negligently failed to provide plaintiff with requested and necessary medical care, resulting in enhanced pain, suffering, and mental anguish to plaintiff.

104. During the months of July and August, 2004, plaintiff was threatened and assaulted by inmates Gary Yates, Mark Dams, Keith Mowatt, William Brown, Andrew Williams in the presence of CCA agents and employees. CCA negligently failed to stop the assaults from taking place, and negligently failed to house plaintiff in an environment free from such assaults.

105. On or about September 2, 2004, plaintiff was assaulted and battered by the said inmate Williams, resulting in a dislocated elbow. Said assault and battery occurred in the presence of CCA employees and agents, who, acting in the scope of their employment, negligently failed to prevent or stop the assault and battery.

106. On or about September 3, 2004, plaintiff was assaulted and battered by the said inmate Williams in the presence of CCA employee and agent Officer Wisler, who, acting in the

scope of his employment negligently failed to prevent or stop the assault and battery, which resulted in severe personal injuries to plaintiff including fractured ribs, pain, suffering, and mental anguish.

107. During the period August 28, 2004-September 5, 2004, and during the period October 24-October 30, 2006, and during other periods of time during his incarceration, CCA negligently failed to house plaintiff in a reasonably habitable location, forcing him to live in a cell without running water, resulting in personal injuries, pain, suffering and mental anguish to plaintiff.

108. On or about September 13, 2004, and on or about September 16, 2004, and on or about September 30, 2004, plaintiff was assaulted and battered by one Sergeant Marion, an employee and agent of CCA, acting in the scope of his employment. CCA negligently failed to supervise Marion, and failed to prevent or stop the assaults by its employee upon plaintiff. As a result of the assaults and batteries, plaintiff sustained personal injuries, and experienced pain, suffering, and mental anguish.

109. On or about September 15, 2004, a CCA employee and agent, Officer Cooper, acting in the scope of his employment, assaulted, battered, and yelled racial and religious epithets at plaintiff, resulting in personal injuries, pain, suffering and mental anguish. CCA negligently failed to supervise Cooper, and negligently failed to prevent or stop the assault by Cooper on plaintiff.

110. On or about November 28, 2004, and on or about December 17, 2004, the plaintiff was severely beaten and his jaw broken by a fellow inmate in the presence of CCA employees and agents, acting in the scope of their employment, who negligently took no action to prevent or stop the assaults while occurring. As a result thereof, plaintiff sustained serious and permanent personal injuries, pain, suffering, and mental anguish.

15

111. On or about June 24, 2006, the plaintiff was assaulted and battered by several fellow inmates in the presence of CCA employees and agents, acting in the scope of their employment, who negligently took no action to prevent or stop the assaults while occurring. As a result thereof, plaintiff sustained serious personal injuries, pain, suffering, and mental anguish.

112. On or about July 6, 2006, and on or about July 29, 2006, the plaintiff was assaulted and battered by one Officer Good, an employee and agent of CCA, acting in the scope of his employment, in the presence of other CCA agents and employees who negligently failed to supervise Good, and who negligently failed to prevent the assaults or stop the assaults while occurring, and who negligently failed to allow necessary medical treatment to plaintiff after the assaults occurred. As a result thereof, plaintiff sustained serious personal injuries, pain, suffering, and mental anguish.

113. On or about July 13, 2006, the plaintiff was assaulted and battered by one Ivers, an employee and agent of CCA acting in the scope of his employment. CCA negligently failed to supervise Ivers, and negligently failed to prevent the assault from occurring. As a result thereof, plaintiff sustained serious personal injuries, pain, suffering, and mental anguish.

114. On or about August 7, 2006, the plaintiff was battered by a CCA officer, acting in the course and scope of his employment. CCA failed to supervise the said officer, and failed to prevent the assault from occurring, and failed to stop the assault while it was occurring. As a result thereof, plaintiff sustained serious and permanent personal injuries, pain, suffering, and mental anguish.

115. On or about October 23, 2006, plaintiff was assaulted by a cellmate, one Robert Crosby, who had threatened plaintiff previously. Despite plaintiff having reported the threats and having asked CCA to place him in a different cell, CCA negligently failed to do so, and

negligently failed to prevent the assault from occurring. As a result thereof, plaintiff sustained personal injuries, and experienced pain, suffering, and mental anguish.

116. On or about November 4, 2006, plaintiff was assaulted and battered by one Officer Drummond, an employee and agent of CCA acting in the course and scope of his employment. CCA negligently failed to supervise Drummond, and negligently failed to prevent the assault and battery from occurring. As a result thereof, plaintiff sustained serious personal injuries, and experienced pain, suffering, and mental anguish.

117. On or about November 22, 2006, plaintiff was assaulted and battered by Officers Edwards and Ford, who were acting in the scope of their employment with CCA. CCA negligently failed to supervise Edwards and Ford, and negligently failed to prevent the assault and battery from occurring, and to stop the assault and battery while it was occurring, and to allow medical treatment of plaintiff's injuries after the assault and battery occurred. As a result thereof, plaintiff sustained serious personal injuries, pain, suffering, and mental anguish.

118.    The defendants CCA and the District of Columbia, jointly and severally and through the actions of their agents and employees, negligently failed to provide appropriate medical care to the plaintiff while he was within their custody.  The defendants jointly and severally through their agents and employees failed to properly provide for the plaintiff's nutritional needs throughout 2004 and 2006. As a result thereof, plaintiff experienced enhanced pain, suffering, and mental anguish.

119.    The defendants CCA and the District of Columbia, jointly and severally through their agents and employees, negligently failed to properly provide appropriate clothing and shelter for the plaintiff throughout 2004 and throughout 2006. As a result thereof, plaintiff sustained enhanced pain and suffering and mental anguish.

120.    The defendants CCA and the District of Columbia, jointly and severally through their agents and employees negligently failed to provide treatment and medical care, and medications for the plaintiff throughout 2004 and 2006. As a result thereof, plaintiff suffered enhanced pain and suffering and mental anguish.

121.    As a result of the action and inactions of the defendants individually and through their agents and employees, as set forth in this Count Three plaintiff suffered physical and mental damage, incurred the reasonable value of medical services and sustained permanent injuries. In all of the incidents described in this Count Three, there was no contributory negligence on the part of plaintiff.

WHEREFORE the plaintiff demands damages against all defendants, jointly and severally, in the sum of Five Million Dollars plus costs of suit.

## COUNT FOUR

### Negligent failure to Supervise, Hire and Train and Properly Retain Correctional Offices

122.    The plaintiff incorporates paragraphs one through 121 of this Complaint as if herein set forth verbatim. The District of Columbia and CCA are liable to plaintiff by virtue of the doctrine of respondeat superior.

123.    From January 2004, through November 2006, the defendants jointly and severally failed to properly supervise, train, hire, retain and monitor the action of correctional officers as described more fully in Count Three hereof. Defendants CCA and the District of Columbia were repeatedly advised of the assaults, batteries, and other deprivations visited upon plaintiff, but negligently failed to take any action to prevent the ongoing assaults, batteries, and deprivations, resulting in continual personal injuries, pain, suffering, and mental anguish to plaintiff. There was no contributory negligence on the part of plaintiff.

18

WHEREFORE the plaintiff demands damages against defendants CCA and the District of Columbia in the sum of Five Million Dollars plus costs of suit.

## COUNT FIVE

### Intentional Infliction of Emotional Distress

124.    The plaintiff incorporates paragraphs one through 121 of this Complaint as if herein set forth verbatim. The District of Columbia and CCA are liable to plaintiff by virtue of the doctrine of respondeat superior.

125.    The defendants jointly and severally through their agents and employees intentionally inflicted emotional distress upon the plaintiff.  The actions of the defendants jointly and severally through their agents and employees were malicious, grossly, wanton, negligent, and occurred with total disregard of the rights of the plaintiff.

126.    As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars compensatory damages and  Five Million Dollars punitive damages, plus interest, costs and attorneys fees.

## COUNT SIX

### Violation of the District of Columbia Human Rights Act

127.    The plaintiff incorporates by reference paragraphs One through 121 hereof, as if herein set forth verbatim.

128.    On a number of occasions previously mentioned the defendants jointly and severally through their agents and employees violated the District of Columbia Human Rights Act by their actions or inaction.

129.    As a result of the action and inactions of the defendants individually and through their agents and employees, the plaintiff suffered physical damage, mental damage and duress same of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE the plaintiff demands compensation against all defendants in the sum of Five Million Dollars compensatory damages and  Five Million Dollars punitive damages,  plus interest, costs and attorneys fees.

Respectfully submitted,

Warren E. Gorman #172213
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301)654-5757

Attorney for Plaintiff

Of Counsel:

Thomas A. Gentile #233676
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
301.654.5757

## JURY DEMAND

The plaintiff demands trial by jury on all issues.

Warren E. Gorman

20

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint was mailed

electronically, and by postal service this 29th day of August, 2009 to counsel for defendants.

Warren E. Gorman