UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MOONBLATT,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 07-1922 (JDB)

## ORDER

Upon consideration of [43] the motion for partial summary judgment filed by defendants Corrections Corporation of America ("CCA"), John Caulfield, and Fred Figueroa, [45] the motion for summary judgment filed by defendant District of Columbia, the parties' memoranda, the applicable law, and the entire record, and for the reasons explained in the motions hearing held on March 28, 2011, it is hereby **ORDERED** as follows:

1. The motion for partial summary judgment filed by CCA, John Caulfield, and Fred Figueroa is **GRANTED** in part and **DENIED** in part.

    (A) The motion is **GRANTED** with respect to John Caulfield, who is dismissed from this case without prejudice.

    (B) The motion is **GRANTED** with respect to all claims against Fred Figueroa.

    (C) The motion is **GRANTED** with respect to plaintiff's claims in Count I (section 1983) against CCA based on a June 2004 incident involving Officer White and a September 3, 2004 incident involving inmate Anthony Williams.

    (D) The motion is **DENIED** with respect to plaintiff's claims in Count I (section 1983) against CCA based on the following four incidents: (1) June 23-24, 2004

        incident involving Officer Drummond, (2) July 6, 2006 incident involving Officer Good, (3) August 7, 2006 incident involving unidentified officer, (4) October 17-24, 2006 incident involving inmate Robert Crosby, (5) November 4, 2006 incident involving Officer Drummond, and (6) November 22, 2006 incident involving Officers Edwards and Ford.

   (E)   The motion is **DENIED** with respect to plaintiff's claims in Count III (common law negligence) against CCA based on the following eight incidents: (1) June 2004 incident involving Officer White, (2) September 3, 2004 incident involving inmate Anthony Williams, (3) June 23-24, 2004 incident involving Officer Drummond, (4) July 6, 2006 incident involving Officer Good, (5) August 7, 2006 incident involving unidentified officer, (6) October 17-24, 2006 incident involving inmate Robert Crosby, (7) November 4, 2006 incident involving Officer Drummond, and (8) November 22, 2006 incident involving Officers Edwards and Ford.

   (F)   The motion is **GRANTED** with respect to all other claims against CCA in Count I and Count III.

   (G)   The motion is **GRANTED** with respect to all claims against CCA in Count II (section 1981), Count IV (negligent failure to supervise, hire, train, and retain), Count V (intentional infliction of emotional distress), and Count VI (the D.C. Human Rights Act).

2.   The motion for summary judgment filed by the District of Columbia is **GRANTED** in part and **DENIED** in part.

   (A)   The motion is **DENIED** with respect to plaintiff's claims in Count I (section 1983) and Count III (common law negligence) based on the following nine

        incidents: (1) March 4, 2004 incident involving Corporal Gordon, (2) March 21, 2004 incident involving Corporal Knight, (3) March 22, 2004 incident involving Officer Murray, (4) March 22, 2004 incident involving inmate Mosley, (5) April 15, 2004 incident involving Officer Murray, (6) September 15, 2004 incident involving Officer Cooper, (7) September 16, 2004 incident involving Lieutenant Holmes, (8) November 28, 2004 incident involving a fellow inmate, and (9) December 17, 2004 incident involving inmate Ralph Johnson.

    (B)    The motion is **GRANTED** with respect to all other claims against the District of Columbia in Count I and Count III.

    (C)    The motion is **GRANTED** with respect to all claims against the District of Columbia in Count II (section 1981), Count IV (negligent failure to supervise, hire, train, and retain), Count V (intentional infliction of emotional distress), and Count VI (the D.C. Human Rights Act).

3.    Based upon the agreement of the parties, this case is hereby referred to Magistrate Judge Facciola for the sole purpose of the facilitation of settlement discussions for a period of not more than seventy-five (75) days.

4.    A trial shall commence on January 9, 2012, at 9:30 a.m. in Courtroom 8. A further order on pre-trial proceedings and filings will be issued following the conclusion of the parties' efforts with Magistrate Judge Facciola.

**SO ORDERED**.

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                United States District Judge

Dated:   March 31, 2011